FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILLIP D.,[1] | No. 2:20-cv-00309-MKD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | |
| Defendant. | ECF Nos. 19, 20 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment.  ECF Nos. 19, 20.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 19, and grants Defendant's motion, ECF No. 20.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the

1  enumerated impairments, the Commissioner must find the claimant disabled and

2  award benefits.  20 C.F.R. § 416.920(d).

3        If the severity of the claimant's impairment does not meet or exceed the

4  severity of the enumerated impairments, the Commissioner must pause to assess

5  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

6  defined generally as the claimant's ability to perform physical and mental work

7  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

8  416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

9        At step four, the Commissioner considers whether, in view of the claimant's

10  RFC, the claimant is capable of performing work that he or she has performed in

11  the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

12  capable of performing past relevant work, the Commissioner must find that the

13  claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

14  performing such work, the analysis proceeds to step five.

15        At step five, the Commissioner considers whether, in view of the claimant's

16  RFC, the claimant is capable of performing other work in the national economy.

17  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

18  must also consider vocational factors such as the claimant's age, education and

19  past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

20  Commissioner must find that the claimant is not disabled.  20 C.F.R. §

ORDER - 5

416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On June 2, 2017, Plaintiff applied for Title XVI supplemental security income benefits alleging an amended disability onset date of May 20, 2016.[3]  Tr. 16, 102, 205-11.  The application was denied initially, and on reconsideration.  Tr. 123-26, 133-35.  Plaintiff appeared before an administrative law judge (ALJ) on February 14, 2019.  Tr. 36-69.  On March 12, 2019, the ALJ denied Plaintiff's claim.  Tr. 13-35.

---

[3] Plaintiff previously applied for Title XVI benefits on May 20, 2016, which was denied initially on June 16, 2016, and not appealed.  Tr. 16, 83-88.

ORDER - 6

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 20, 2016. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: spondylosis and degenerative disc disease; non-insulin dependent diabetes mellitus; scalp dermatitis; morbid obesity (BMI >40); depressive disorder; antisocial personality disorder; and posttraumatic stress disorder (possible vs. probable). Tr. 18-19.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Work] that does not require more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, or crawling, and no climbing of ladders, ropes, or scaffolds. He is able to understand, remember, and carry out both simple routine repetitive-type tasks and semi-skilled tasks and instructions. He is able to maintain concentration, persistence, and pace for two-hour intervals between regularly scheduled breaks. He cannot do work that requires judgment or decision making. He can have none to brief incidental interaction with the public (i.e., very minimal), and interaction with coworkers and with supervisors is limited to superficial (defined as non-collaborative, no teamwork, no tandem task).

Tr. 23.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 27. At step five, the ALJ found that, considering Plaintiff's age, education, work

ORDER - 7

experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as cleaner, housekeeping; cafeteria attendant; and marker, price.  Tr. 28. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision.  *Id.*

On July 13, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2.  Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 19 at 16.

## DISCUSSION

### A. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims.  ECF No. 19 at 17-19.  An ALJ

ORDER - 8

engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)).  "The clear and convincing [evidence] standard is the most demanding required in Social Security

ORDER - 9

1  cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

2  *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

3        Factors to be considered in evaluating the intensity, persistence, and limiting

4  effects of a claimant's symptoms include: 1) daily activities; 2) the location,

5  duration, frequency, and intensity of pain or other symptoms; 3) factors that

6  precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

7  side effects of any medication an individual takes or has taken to alleviate pain or

8  other symptoms; 5) treatment, other than medication, an individual receives or has

9  received for relief of pain or other symptoms; 6) any measures other than treatment

10  an individual uses or has used to relieve pain or other symptoms; and 7) any other

11  factors concerning an individual's functional limitations and restrictions due to

12  pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

13  416.929(c).  The ALJ is instructed to "consider all of the evidence in an

14  individual's record," to "determine how symptoms limit ability to perform work-

15  related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

16        The ALJ found that Plaintiff's medically determinable impairments could

17  reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

18  statements concerning the intensity, persistence, and limiting effects of his

19  symptoms were not entirely consistent with the evidence.  Tr. 24.

20

ORDER - 10

### 1. Objective Medical Evidence

The ALJ found Plaintiff's symptom claims were inconsistent with the objective medical evidence. Tr. 24-25. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

First, the ALJ found Plaintiff's physical symptom complaints were inconsistent with the objective evidence. Tr. 24-25. While Plaintiff alleges he has left knee pain and grinding, Tr. 51, and 15 to 20 severe migraines per month, Tr. 53, the ALJ found there is no evidence to establish either condition is a medically determinable impairment. Tr. 20-21, 24. Prior to the alleged onset date, Plaintiff reported left knee pain and was diagnosed with patellofemoral pain of the left knee, Tr. 344-45, and chondromalacia patella of the left knee, Tr. 430. Plaintiff does not cite to any diagnoses nor abnormalities on examination related to Plaintiff's left knee during the relevant time period. Plaintiff also cites to his self-

reported migraines but does not cite to any medical records related to his

migraines.  ECF No. 19 at 4.  There is evidence Plaintiff reported migraines in

May 2016, prior to the alleged onset date, Tr. 367, but later records note no history

of migraines, Tr. 1136, and there are no medical records during the relevant period

where Plaintiff reported numerous migraines per month nor any diagnosis of

migraines, Tr. 20-21.  Plaintiff reports a back injury and flashbacks due to combat-

related events, but the VA found there was not evidence to support his claims.  Tr.

24 (citing Tr. 354, 586, 830, 874).  Plaintiff reports he needs to use a cane, but the

ALJ noted multiple records documenting a normal gait, although Plaintiff at other

time had gait abnormalities and/or used a cane.  Tr. 25 (citing Tr. 893, 930, 1194-

95, 1227-28); Tr. 1002.  As discussed *infra,* Plaintiff has also reported

improvement in his pain with treatment.  Plaintiff does not set forth any argument

as to how the objective medical evidence is consistent with his allegations of

disabling physical limitations, and only generally summarizes the physical

evidence earlier in the motion.  *See* ECF No. 19.

Second, the ALJ found Plaintiff's mental health symptom complaints were

inconsistent with the evidence.  Tr. 25.  Plaintiff has generally denied depressive

symptoms or not reported any symptoms at most appointments.  *Id.* (citing Tr.

1089, 1147, 1236, 1249).  Plaintiff has generally been observed as having normal

mood and affect.  Tr. 25 (citing Tr. 833-34, 845, 850, 853).  While Plaintiff argues

ORDER - 12

the ALJ erred in rejecting his claims as inconsistent with the objective evidence,

ECF No. 19 at 17, Plaintiff does not set forth any argument as to how his claims

are consistent with the evidence.  Earlier in the motion, Plaintiff largely restates his

own reported symptoms.  Plaintiff cites to a psychological examination, ECF No.

19 at 6, however, the examination took place prior to the alleged onset date, and

Plaintiff had normal appearance, demeanor, eye contact, movement, behavior,

thoughts, perception, activity, mood, and affect during the examination, though he

spoke loudly on occasion and had only fair insight/judgment and impulse control,

Tr. 332.  Plaintiff cites to multiple other examinations that took place more than

two years prior to the alleged onset date.  ECF No. 19 at 8.  At a 2017 examination,

Plaintiff had normal appearance, speech, attitude/behavior, thoughts, orientation,

perception, fund of knowledge, concentration, abstract thought, and

insight/judgment, though he had abnormal memory and anxious/depressed mood

and constricted affect.  Tr. 833-35.  On this record, the ALJ reasonably found

Plaintiff's symptom allegations were inconsistent with the objective medical

evidence.  This was a clear and convincing reason, along with the other reasons

offered, to reject Plaintiff's symptom claims.

### 2.  Improvement with Treatment

The ALJ found Plaintiff's symptom claims were inconsistent with Plaintiff's

improvement with treatment.  Tr. 25.  The effectiveness of treatment is a relevant

ORDER - 13

factor in determining the severity of a claimant's symptoms.  20 C.F.R. §

416.929(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006

(9th Cir. 2006) (determining that conditions effectively controlled with medication

are not disabling for purposes of determining eligibility for benefits); *Tommasetti*

*v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable

response to treatment can undermine a claimant's complaints of debilitating pain or

other severe limitations).

The ALJ noted that Plaintiff reported good relief from his back pain with

ibuprofen, Flexeril, and tramadol.  Tr. 25 (citing Tr. 607).  Plaintiff also reported

improvement with chiropractic care.  Tr. 25 (citing Tr. 582, 584, 854,).  Plaintiff

reported improvement in his ability to perform his activities of daily living.  Tr. 25

(citing Tr. 1280).  Plaintiff's chiropractor noted Plaintiff had moderate

improvement with treatment, and he was progressing as expected.  Tr. 571, 573.

Plaintiff argues the ALJ should not have looked at isolated periods of improvement

but the argument addresses Plaintiff's psychological functioning, ECF No. 19 at

18, and Plaintiff does not set forth an argument regarding how Plaintiff's physical

symptoms did not have improvement with treatment.  The ALJ reasonably found

Plaintiff's allegations were inconsistent with the objective evidence.  This was a

clear and convincing reason, supported by substantial evidence, to reject Plaintiff's

symptom claims.

ORDER - 14

### 3. Activities of Daily Living

The ALJ found Plaintiff's symptom claims were inconsistent with his activities of daily living. Tr. 25. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

While Plaintiff alleges disabling physical limitations, Plaintiff reported being active with his dog, hiking, hunting, lifting weights, caring for his dog, performing household chores, and preparing meals. Tr. 25 (citing Tr. 607, 831, 1280). Plaintiff reported having no issues with his personal care, not needing reminders, and being able to handle money. Tr. 265-67. Despite some reported difficulties with the tasks, Plaintiff reported he can do laundry and dishes, and take out the garbage. Tr. 266-67. Plaintiff reported he plays video games, watches movies, and reads daily, and does these things "very well." Tr. 268. Plaintiff stated he can

walk five blocks before needing a 10 to 15 minute break, sit for up to an hour, stand for 30 to 45 minutes, and lift up to five pounds. Tr. 269. These reported abilities are inconsistent with Plaintiff's allegations that he can walk no more than a couple of blocks without a walker, that he can walk only 80 feet without a cane, and that he spends most of his day laying down. Tr. 51, 54-55, 60. Plaintiff does not challenge this reason, thus any argument is waived. *See Independent Towers v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003). The ALJ reasonably found Plaintiff's activities of daily are inconsistent with his symptom claims. This was a clear and convincing reason, supported by substantial evidence, to reject Plaintiff's symptom claims.

### 4. Work History

The ALJ found Plaintiff's symptom claims were inconsistent with his work history. Tr. 25. Evidence of a poor work history that suggests a claimant is not motivated to work is a permissible reason to discredit a claimant's testimony that she is unable to work. *Thomas*, 278 F.3d at 959; SSR 96-7 (factors to consider in evaluating credibility include "prior work record and efforts to work"); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); 20 C.F.R. § 416.929 (work record can be considered in assessing credibility).

The ALJ noted that Plaintiff has never worked at a level that amounted to substantial gainful activity, which raises the question of whether Plaintiff's

ORDER - 16

continued unemployment is due to his medical impairments.  Tr. 25.  While

Plaintiff reports he earned $4800 per month in the Marine Corps from 2000

through 2005, Tr. 255-57, and the VA confirmed Plaintiff was in the Marine Corps

December 2001 to January 2005, Tr. 355, there is no documentation of earnings

from the United States Marine Corps.  Although Plaintiff reports deploying for a

total of two years, Tr. 879, the VA could not confirm his deployments and noted

Plaintiff reported inconsistent information and it was "extremely unusual" Plaintiff

could not recall the forward operating base or combat outposts he was reportedly

assigned to, Tr. 871-72, 879.  Plaintiff received payments from businesses located

in the United States during the time period he reported he was deployed in the

Middle East; as such, the case was referred for potential investigation for

attempting to fraudulently obtain monetary benefits.  Tr. 78-79.  Plaintiff also

reported going to prison for seven years, and then being on probation for a past

crime, and being on probation for another crime in 2017.  Tr. 879.  The ALJ

reasonably found Plaintiff's work history indicates Plaintiff's continued

unemployment may be for reasons other than his impairments.

       The ALJ also noted Plaintiff asked his chiropractor whether he could work

as a landscaper, and his chiropractor said yes, and such activity would help his

body.  Tr. 25 (citing Tr. 584).  Plaintiff's own perception of his ability to work is a

proper consideration in determining credibility.  *See Barnes v. Comm'r of Soc.*

1  *Sec.*, No. 2:16-cv-00402-MKD, 2018 WL 545722 (E.D. Wash. Jan. 24, 2018)

2  ("Evidence of Plaintiff's preparedness to return to work, even if an optimistic self-

3  assessment, is significant to the extent that the Plaintiff is willing and able to work,

4  as that belief indicates her allegation of symptoms precluding work are not

5  credible.").  Plaintiff does not challenge this reason, thus any argument is waived.

6  *See Independent Towers*, 350 F.3d at 929.  The ALJ reasonably found Plaintiff's

7  inquiry into his ability to perform a physically demanding job is inconsistent with

8  his allegations of disabling physical impairments that cause him to spend most of

9  his days in bed.  This was a clear and convincing reason, supported by substantial

10  evidence, to reject Plaintiff's symptom claims.  Plaintiff is not entitled to remand

11  on these grounds.

12  **B. Medical Opinion Evidence**

13      Plaintiff contends the ALJ erred in her consideration of the opinions of

14  Plaintiff's treating counselors; John Arnold, Ph.D.; and Nancy Winfrey, Ph.D.

15  ECF No. 19 at 19-20.

16      As an initial matter, for claims filed on or after March 27, 2017, new

17  regulations apply that change the framework for how an ALJ must evaluate

18  medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of*

19  *Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20

20  C.F.R. § 416.920c.  The new regulations provide that the ALJ will no longer "give

ORDER - 18

any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

ORDER - 19

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. § 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 416.920c(b)(3).

The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether treating and examining sources should be afforded more weight than non-examining, non-treating sources.  ECF No. 19 at 19; ECF No. 20 at 8-11.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards."  *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020

ORDER - 20

WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'"  *Gary T.,* 2020 WL 3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'").

There is not a consensus among the district courts as to whether the "clear and convincing" and "specific and legitimate" standards continue to apply.  *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (applying the specific and legitimate standard under the new regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal. Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*, 2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new regulations displace the treating physician rule and the new regulations control); *Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D. Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and legitimate nor clear and convincing standard).  This Court has held that an ALJ did

ORDER - 21

not err in applying the new regulations over Ninth Circuit precedent, because the

result did not contravene the Administrative Procedure Act's requirement that

decisions include a statement of "findings and conclusions, and the reasons or basis

therefor, on all the material issues of fact, law, or discretion presented on the

record." *See, e.g., Jeremiah F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL

4071863, at *5 (E.D. Wash. Sept. 7, 2021).  Nevertheless, it is not clear that the

Court's analysis in this matter would differ in any significant respect under the

specific and legitimate standard set forth in *Lester*, 81 F.3d at 830-31.

In the opening brief, Plaintiff argued the ALJ improperly rejected the

opinions of Plaintiff's treating counselors; John Arnold, Ph.D.; and Nancy

Winfrey, Ph.D.  ECF No. 19 at 19-20.  However, Plaintiff failed to identify any

opinions offered by counselors.  Regarding Dr. Arnold's opinion, Plaintiff failed to

set forth arguments regarding any of the reasons the ALJ offered to reject the

opinion.  Plaintiff argues the ALJ erred in giving more weight to nonexamining

sources over examining sources and argues the ALJ should not have found Dr.

Arnold's opinion was inconsistent with the evidence during periods of

improvement.  ECF No. 19 at18-20.  However, Plaintiff does not cite to any

evidence to support the argument that the identified records were isolated periods

of improvement.  Plaintiff also does not address the other reasons offered by the

ALJ to reject Dr. Arnold's opinion.  Plaintiff argues Dr. Arnold's opinion was

ORDER - 22

more supportable than the other opinions but does not offer any reasons why Dr. Arnold's opinion is more supportable. *Id.* at 19. In addition to making only the most general assertions of error, Plaintiff fails to support those assertions with any citations to the record in the opening brief. While Plaintiff summarized the medical evidence earlier in the motion, Plaintiff failed to tie the evidence to the arguments. Plaintiff also argues the ALJ erred in relying on the opinion of Dr. Winfrey, because the expert rejected Dr. Arnold's opinion, but Plaintiff does not offer any further analysis of the opinion and does not address any of the reasons the ALJ gave that support finding Dr. Winfrey's opinion persuasive. *Id.* at 20.

In the brief discussion of the medical opinions, Plaintiff also misstates the new medical opinion regulations, stating that the most important factor to determine supportability are relationship with the claimant, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and the examining relationship. *Id.* at 19. However, the regulations state supportability and consistency are the most important factors; the other factors are independent of supportability and consistency, and there is no hierarchy among the other factors, thus stating the other factors are the "most important" is not consistent with the language of the regulation. 20 C.F.R. § 416.20c(c)(1)-(5). Plaintiff's argument that the regulation does not apply to non-examining, non-treating sources is also not supported by the language of the regulation. ECF No.

ORDER - 23

19 at 19; 20 C.F.R. § 416.920c; *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68.

The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2006). The Ninth Circuit "has repeatedly admonished that [it] cannot 'manufacture arguments for an appellant.'" *Independent Towers,* 350 F.3d at 929 (quoting *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1994)). Rather, the Court will "review only issues which are argued specifically and distinctly." *Independent Towers*, 350 F.3d at 929. When a claim of error is not argued and explained, the argument is waived. *See id.* at 929-30 (holding that party's argument was waived because the party made only a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.,* 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding an allegation of error was "too undeveloped to be capable of assessment").

Defendant argues Plaintiff did not challenge the ALJ's assessment of the relevant factors for each opinion. ECF No. 20 at 12. The Court agrees and finds Plaintiff has waived any arguments regarding the medical opinions. An opening brief must contain the Plaintiff's contentions, the reasons for the contentions, and citations to the authority and portions of the record on which Plaintiff relies. *See*

*Independent Towers*, 350 F.3d at 930.  By failing to provide the reasons for his contentions, failing to cite to any records that support his contentions, and misstating the relevant regulation without any real application or analysis of the regulation, Plaintiff waived the arguments.

The Court also notes Plaintiff's counsel has repeatedly filed opening briefs with this Court in which he failed to adequately brief the arguments.  *See, e.g., Lovina R. v. Comm'r of Soc. Sec. Admin.,* No. 2:17-cv-00271-FVS (E.D. Wash. Sept. 25, 2018) (Report and recommendation, ECF No. 17 at 6-10) (Adopted Oct. 11, 2018); *Debbie L. v. Saul,* No. 2:20-cv-00034-MKD (E.D. Wash. Jan. 11, 2021) (ECF No. 18 at 15, 23, 25-27); *Stanford R. v. Saul*, No. 2:18-cv-00113-SAB (E.D. Wash. Mar. 20, 2019) (Report and recommendation, ECF No. 20 at 11, 19) (Adopted April 11, 2019); *Timothy A. v. Saul,* No. 2:18-cv-00154-SAB (E.D. Wash. Mar. 20, 2019) (Report and recommendation, ECF No. 20 at 8-10, 17) (Adopted April 11, 2019); *Benjamin V.,* No. 2:18-cv-00159-SAB (E.D. Wash. Mar. 27, 2019) (Report and recommendation, ECF No. 19 at 14, 17, 22-24) (Adopted May 30, 2019); *Ezra B.*, No. 2:19-cv-00041-MKD (E.D. Wash. Oct. 15, 2019) (ECF No. 17 at 18-19); *Lonnie P. v. Saul*, No. 2:18-cv-00169-RMP (E.D. Wash. Mar. 21, 2019) (Report and recommendation, ECF No. 17 at 13-18, 21-22) (Adopted April 9, 2019); *Adriana R. v. Saul,* No. 2:20-cv-00261-MKD (E.D. Wash. April 14, 2021) (ECF No. 21 at 9-10, 16); *Steven D. v. Kijakazi,* No. 2:20-

cv-00424-MKD (E.D. Wash. Feb. 1, 2022) (ECF No. 20 at 17-24).  Plaintiff's counsel has been repeatedly admonished for the inadequate briefing yet has continued to make general arguments that he fails to develop with any specificity. Given Plaintiff's waiver of the issue, the Court declines to address Plaintiff's challenge to the ALJ's medical opinion analysis.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED March 31, 2022.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 26